**Jason LEE, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–8819.**

Court of Appeals of Alaska.

July 29, 2005.

---

Eugene B. Cyrus, Eagle River, for the Appellant.

Douglas H. Kossler, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and David W. Márquez, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

MANNHEIMER, Judge.

A mid-appeal issue has arisen regarding the transcription of the trial court proceedings in this case. The appellant's attorney has filed pleadings in which he declares his intention to prepare the initial transcript in his office. According to the attorney, his plan is to forward this transcript and the underlying electronic recording of the trial court proceedings to a professional transcriber. The professional transcriber would then (1) compare the attorney's transcription to the electronic recording, (2) make any needed corrections in the transcript, and finally (3) certify the transcript as having been prepared by the professional transcriber. We conclude that this proposed method of transcript preparation violates Alaska law.

Until a few years ago, Alaska law was silent on the issue of whether attorneys or their employees could prepare an appellate transcript. But in 2002, prompted by complaints about the content and accuracy of attorney-prepared transcripts, our supreme court amended Alaska Appellate Rule 210(b)(3) by adding the following language:

Unless the parties agree otherwise by stipulation, or unless otherwise ordered by the appellate court, the person designated to prepare the transcript shall not be a relative, employee, or attorney of any of the parties, or a relative or employee of that attorney, or be financially interested in the action. Apart from contracting for the preparation of the transcript within a given period of time and at a given price, neither the party nor the party's attorney may exercise control over the preparation of the transcript.

(Enacted by Supreme Court Order No. 1472, as amended by Supreme Court Order No. 1482, both of which became effective on October 15, 2002.)

This amendment to Appellate Rule 210(b)(3)—in particular, the second sentence of the amendment—appears to preclude an attorney from pursuing the course of action proposed by Lee's attorney in this case.

Nevertheless, Lee's attorney contends that his proposal is lawful. The attorney asserts that he intends to have the professional transcriber conduct a word-for-word review of the transcript prepared by his office. The attorney argues that, at the end of this process, because the attorney and his employees have relinquished control over the final wording of the transcript, the transcript will actually be the work-product of the professional transcriber.

As we noted above, Appellate Rule 210(b)(3) forbids an attorney from "exercis[ing] control over the preparation of the transcript" apart from "contracting for the preparation of the transcript within a given period of time and at a given price". While the word "control" may sometimes mean "ultimate authority", it is clear to us that the supreme court was using the word "control" in a broader sense in Appellate Rule 210(b)(3).

If "control" were being used only in the narrow sense of "final authority over the wording of the transcript", then there would be no need for the supreme court to modify "control over the preparation of the transcript" by adding the clause "apart from contracting for the preparation of the tran-

script within a given period of time and at a given price". This additional clause is needed only if "control over the preparation of the transcript" was intended to encompass a broader range of conduct. We conclude that this phrase refers to any act that provides input into, or that potentially influences, the content of the transcript.

This interpretation of Appellate Rule 210(b)(3) is borne out by Alaska's other court rules governing transcript preparation and certification.

Alaska Administrative Rule 36(a) declares that each transcript filed with the Alaska Court System must be certified, and the rule further states that this certification must be done "only by the person who prepared [the transcript]".

In addition, Administrative Rule 36(a) declares that all transcripts filed with the Alaska Court System shall be prepared according to the standards and procedures prescribed by the administrative director. Pursuant to this directive, the administrative director has promulgated Administrative Bulletin 31, which adopts the *Manual of Transcript Procedures* as the official rules governing transcripts filed in the Alaska Court System. And Chapter V of the *Manual of Transcript Procedures* again specifies that a transcript must be certified by the person who personally prepared the transcript from the electronic record.

Echoing Administrative Rule 36(a), Chapter V of the *Manual* declares that "[e]ach transcript prepared for the Alaska Court System must be certified" in the form prescribed by Appendices G and H. The *Manual* then expressly states: "The transcript must be certified by the person who transcribed it[.]"

This requirement—that the person who certifies the transcript must be the same person who transcribed it from the electronic record—is set forth more specifically in Appendix G to the *Manual,* which prescribes the following format for the Transcriber's Certificate:

Transcriber's Certificate

I, _____, hereby certify that the foregoing [pages] are a true, accurate, and complete transcript of [the requested] proceedings in Case No. _____, ... *transcribed by me from a copy of the electronic sound recording* to the best of my knowledge and ability.

(Emphasis added)

These provisions of Administrative Rule 36(a) and the *Manual of Transcript Procedures* confirm our conclusion that Appellate Rule 210(b)(3) was intended to bar attorneys and their employees from providing draft input into the content of a transcript. Alaska law requires that a transcript be certified by the person or persons who actually transcribed the electronic record—not someone who verified another person's draft transcription by comparing it to the electronic record.

There may be some minimal acts of input—for example, an attorney's answering a transcriber's question regarding the proper spelling of a name—that would not violate Rule 210(b)(3). But the rule strictly forbids the course of action proposed by Lee's attorney in this case. It is a violation of Appellate Rule 210(b)(3) and Administrative Rule 36(a) for an attorney or an attorney's employee to prepare a draft transcript for a professional transcriber.